UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMIE QUINN, an individual

      Plaintiff,

v.

No. 2:09-cv-161

HON. ROBERT HOLMES BELL

PIPE & PIPING SUPPLIES (U.S.A.) LTD.,
a foreign profit corporation, and
RON GRIFFITH, an individual,

      Defendants.
_____/

## OPINION

On September 8, 2010, Magistrate Judge Timothy P. Greeley issued an opinion and order, (Dkt. No. 67), denying Defendants' motion for leave to file counter-complaint, (Dkt. No. 48), and Defendants' motion for leave to file their amended motion for leave to file their counter-complaint, (Dkt. No. 54). The matter is now before the Court on Defendants' appeal from the Magistrate Judge's order. (Dkt. No. 68.) The Court reconsiders a Magistrate Judge's decision when the decision is shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

Defendants argue that the Magistrate Judge erred in finding that their proposed counterclaim is not compulsory under Federal Rule of Civil Procedure 13(a). Alternatively, Defendants argue that, even if the counterclaim is permissive, the Magistrate Judge erred in concluding that permissive counterclaims must be supported by an independent basis of jurisdiction and that the interests of justice weigh against allowing Defendants to file their counterclaim.

## I.

Counterclaims are compulsory when arising out of the same "transaction or occurrence" as the opposing party's claim. *Sanders v. First Nat'l Bank & Trust Co.*, 936 F.2d 273, 277 (6th Cir. 1991). As Defendants note, this circuit follows the "logical relationship" test for determining whether a claim rises out of the same transaction or occurrence. *Id.*; (Dkt. No. 68 at 2). ("Under this test, we determine whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Sanders*, 936 F.2d at 277.

The Magistrate Judge was not contrary to law or clearly erroneous in ruling that Defendants' proposed counterclaim is not compulsory. The basis of Defendants' proposed counterclaim is that Plaintiff's undisclosed video surveillance constituted a criminal violation of Michigan's eavesdropping statute, M.C.L. § 750.539 *et seq.*, which has been interpreted to create a civil right of action. The underlying motivations leading Plaintiff to engage in video surveillance clearly bears a situational relationship to the alleged sexual discrimination which is the subject of this suit. However, it does not appear that the counterclaim involves "many of the same factual and legal issues present in the main action." *Progressive Cas. Ins. Co. v. Belmont Bancrop, et al.*, 199 F.R.D. 219, 223 (S.D. Ohio 2001.) The factual and legal questions which must dominate the proposed counterclaim, such as the private nature of the workplace, have no relevance to the present discrimination claim. Likewise, the alleged inappropriate behavior of Defendant Ron Griffith has no bearing on a violation of Michigan's eavesdropping laws. Indeed, Defendants have not convincingly raised any issues common to the claims. There is no compelling reason to believe that substantial duplication of effort would be required in trying the claims separately. Therefore, the Magistrate Judge was not clearly erroneous in ruling that Defendant's proposed counterclaim is permissive, not compulsory.

**II.**

Having decided that the proposed counterclaim is permissive, the Magistrate Judge ruled that this Court has no jurisdiction over the proposed counterclaim because the claim has no independent basis for subject matter jurisdiction. (Dkt. No. 67 at 4-5.) Defendants dispute that an independent basis for subject matter jurisdiction is required. (Dkt. No. 68 at 8-9.)

It was an established requirement of ancillary jurisdiction that permissive counterclaims must be dismissed unless supported by an independent basis of federal jurisdiction. *City of Cleveland v. Cleveland Elec. Illumination Co.*, 570 F.2d 123, 126-27 (6th Cir. 1978). However, since Congress enacted 28 U.S.C. § 1367 and provided supplemental jurisdiction over "all other claims . . . so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," a number of Circuits have held that permissive counterclaims no longer require an independent basis of federal jurisdiction. *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379 (7th Cir. 1996); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205 (2d Cir. 2004). This line of reasoning suggests that the jurisdictional reach of § 1367 supplemental jurisdiction is broader than the confines of compulsory counterclaims, thereby negating the judicially crafted rule that permissive counterclaims must have an independent basis of federal subject matter jurisdiction.

The Sixth Circuit has yet to clearly delineate the scope of § 1367 and its application to permissive counterclaims. However, the Sixth Circuit has interpreted § 1367 as a "sweeping grant of supplemental jurisdiction." *Olden v. LaFarge Corp.*, 383 F.3d 495, 504 (6th Cir. 2004). District courts within the Sixth Circuit which have considered the matter have held that § 1367 grants jurisdiction over permissive counterclaims which, though not of the same transaction or occurrence, can still be considered part of the same case or controversy under the broad meaning of Article III.

*Frisby v. Keith D. Weiner & Assocs. Co., LPA*, 669 F. Supp. 2d 863 (N.D. Ohio 2009); *Dodson, v. Action Nissan, Inc.*, No 3:05-0619, 2006 WL 2503621, at *1-2 (M.D. Tenn. Aug. 25, 2006). The Court agrees. Furthermore, the Court judges the connection between the main claim and Defendant's proposed counterclaim, though thin, is sufficient to support jurisdiction of the proposed counterclaim under the broad meaning of § 1367. Therefore, the Magistrate Judge erred in his determination that this proposed counterclaim should be rejected for lack of subject matter jurisdiction.

### III.

Although the Court could, at its discretion, grant Defendants' motion for leave to file their proposed counter complaint, the Court agrees with the Magistrate Judge's determination that the interests of justice weigh against granting Defendants' motions. As previously discussed, there are minimal if any overlapping issues of fact or law that would require duplicative work should the proposed counterclaim be tried separately. It is also very late in the litigation process to add an additional claim. As the Magistrate Judge notes, Defendants' first motion for leave to add this proposed counterclaim was filed more than eight months after the December 1, 2009, deadline for amending pleadings, and more than five months after the close of discovery. Justice does not favor the addition of a new, tangentially related claim on the eve of trial. Additionally, the Court notes that the basis for this proposed counterclaim is an alleged violation of a Michigan criminal statute. To the Court's knowledge, no related criminal charges have been brought against Plaintiff. While Defendants argue that Michigan courts have recognized civil actions based on this statute, the Court believes the matter is more appropriately left in the hands of the Michigan courts.

In summary, the proposed counterclaim is permissive, has little overlap in issues of fact and law, was filed late, and is predicated on Michigan penal law. For all of these reasons, the Magistrate Judge's order will be affirmed.

Dated: February 18, 2011            /s/ Robert Holmes Bell  
                                                             ROBERT HOLMES BELL  
                                                             UNITED STATES DISTRICT JUDGE