UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMIE QUINN, an individual

    Plaintiff,

v.

PIPE & PILING SUPPLIES (U.S.A.) LTD.,
a foreign profit corporation, and
RON GRIFFITH, an individual

    Defendants.
_____/

File No. 2:09-cv-161

HON. ROBERT HOLMES BELL

## **O P I N I O N**

    This matter is before the Court on Defendants' motion to apply statutory damage caps and amend the judgment. (Dkt. No. 144.) After a jury trial on this matter, the jury awarded Plaintiff Quinn $25,000 in compensatory damages, $25,000 in punitive damages against Defendant Griffith, and $175,000 in punitive damages against Defendant Pipe & Piling. Defendants now claim that 42 U.S.C. § 1981a places limits on the total award available under Title VII, that Pipe & Piling Supplies (U.S.A.) has fewer than 19 employees, and that Plaintiff's award should therefore be limited to a total award of $50,000 under 42 U.S.C. § 1981a(b)(3)(A). Plaintiff does not dispute the existence of statutory caps on Title VII awards. However, Plaintiff argues that the $25,000 compensatory award can be apportioned to her Eliot Larsen Civil Rights Act ("ELCRA") claim, and that a higher statutory cap is applicable to the punitive damage awards under Title VII.

The Court agrees that Plaintiff's $25,000 compensatory award can be apportioned to Plaintiff's ELCRA claim. Defendants contend that Title VII provided the sole basis of Plaintiff's award. Defendants refer to the Court's decision not to follow the proposed verdict form submitted by Plaintiff, (Dkt. No. 138), and to Plaintiff's agreement not to present evidence or request separate jury instructions regarding employer liability under ELCRA (Dkt. No. 137). (Dkt. No. 162 at 1-2.) Neither reference supports Defendants' conclusion. The Court opted not to adopt Plaintiff's proposed jury verdict form because it was unnecessarily elaborate and could potentially have confused the jury. As to the referenced language in Plaintiff's Response to the Court's Notice, Plaintiff merely agreed not to put forth the additional evidence required to show *employer* liability under ELCRA, in exchange for Defendants stipulation that damages against an employer under Title VII were not more limited than under Michigan law. Plaintiff did not waive her ELCRA claim against Defendant Griffith.

The jury was not asked to consider ELCRA and Title VII separately because it would not have been profitable for the jury to partition its consideration of a single event under two statutes with virtually identical elements. The parties agree that the elements necessary to show a hostile environment are the same under ELCRA as under Title VII, with the added requirement that the harassing behavior be of a "sexual nature." This added element has never been at issue in this case, as Plaintiff's allegations involved inappropriate touching, professions of love, sexual advances, and other behavior of an obviously sexual nature. The

Court believes that streamlining the questions presented to the jury avoided potential confusion of issues. However, even if it was error not to require separate consideration, it was harmless. Thus, Plaintiff should be permitted to allocate the $25,000 compensatory award to her ELCRA claim.

This still leaves the matter of punitive damages awarded under Title VII. Defendants maintain that Plaintiff's award against Defendant-Employer Pipe & Piling (U.S.A.) must be capped at $50,000 pursuant to 42 U.S.C. § 1981a(b)(3)(A), which establishes the maximum penalty for employers with fewer than 101 employees. Plaintiff does not dispute the applicability of statutory caps, but argues that the cap should be determined based on the size of Pipe & Piling as a whole, including the company's large Canadian parent corporation.

The test for determining whether two companies are so interrelated that they may be considered a single employer is outlined in *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990 (6th Cir. 1997).[1]

> "In determining whether to treat two entities as a single employer, courts examine the following four factors: (1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control. York, 684 F.2d at 362."

*Id.* at 993-94 (*quoting York v. Tennessee Crushed Stone Ass'n*, 684 F.2d 360 (6th Cir. 1982)). None of these factors are exclusive or required in every case, *Id.* at 994, however, the

---

[1] Although the claim in *Swallows* involves the ADA and ADEA rather than Title VII, the Sixth Circuit noted that case law concerning the definition of "employer" under these three statutes is interchangeable.

analysis "ultimately focuses upon whether the parent corporation was the final decision-maker with regard to the employment issue underlying the litigation."

The *Swallows* factors easily support a finding that Pipe & Piling's operations in Canada and the United States should be considered as a single employer for purposes of Title VII. Both entities appear to be under the ownership and control of Mr. Jack Dym, who serves as President of both entities. (Dkt. No. 152 at 8.) Defendant does not contest that Mr. Dym has final authority over labor decisions in both the United States and Canada, and it is clear from evidence presented at trial that Mr. Dym personally handled Pipe & Pilings response to Plaintiff's allegations against Defendant Ron Griffith. Common ownership and control by a single individual, and the general appearance that Pipe & Piling (U.S.A.) is merely a branch of the larger Pipe and Piling operation rather than a separate employer, support a finding that Pipe & Piling should be considered a single entity for purposes of statutory damage caps under Title VII.

In their reply brief, Defendants did not provide an analysis under *Swallows*. Instead, Defendants point to Plaintiff's inability to cite the specific number of Pipe & Piling employees as proof that Plaintiff's argument is baseless. However, Defendants, not Plaintiff, are seeking the imposition of a statutory cap and amended judgment. Defendants therefore carry the burden of showing that a reduction of the jury's award is warranted. Defendants have not provided any information on the number of persons employed by Pipe & Piling as a whole. In light of the Court's finding that Pipe & Piling should be considered as a single

4

employer, the Court will not amend judgment unless Defendant Pipe & Piling can show that, as a whole, Pipe & Piling qualifies for a statutory cap that falls below the jury's award.

The Court will defer ruling on Defendants' motion so that Defendants have an opportunity to provide employment information for Pipe & Piling as a whole. Defendants may provide the Court with a short brief and supporting affidavit or other evidence establishing the number of persons employed by Pipe & Piling as a whole within 10 days from the entry of this opinion and corresponding order. Plaintiff shall have 10 days from the filing of Defendants' brief to respond.


Dated: June 20, 2011                          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE