UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMIE QUINN, an individual

Plaintiff,

v.

PIPE & PILING SUPPLIES (U.S.A.) LTD.,
a foreign profit corporation, and
RON GRIFFITH, an individual

Defendants.
_______________________________/

File No. 2:09-cv-161

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on Defendants' motion to alter judgment. (Dkt. No. 144.) Plaintiff secured the following judgment against Defendants: $25,000 in compensatory damages, $25,000 in punitive damages against Defendant Griffith, and $175,000 in punitive damages against Defendant Pipe & Piling (U.S.A) LTD. (Dkt. No. 143.) However, damages under Title VII are limited by a sliding scale based on the number of persons employed by a defendant-employer. 42 U.S.C. § 198a(b)(3). Defendants move the Court to reduce its total damages to $50,000, the statutory cap for employers with fewer than 101 employees.

Because the appropriate cap is dependent on the factual question of a defendant-employers' total number of employees, Defendants' motion has spurred a number of briefs, renewed limited discovery, and supplemental briefs. Although Plaintiff does not contest the applicability of Title VII statutory caps to this action, Plaintiff argued that Defendant Pipe & Piling (U.S.A.) Ltd. should be considered an "integrated enterprise" with Pipe & Piling

Ltd., a Canadian corporation. In a previous opinion, the Court concluded that Pipe & Piling (U.S.A.) Ltd. and Pipe & Piling Ltd. were so interrelated that they could be considered a single employer under the test outlined by the Sixth Circuit in *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990 (6th Cir. 1997). (Dkt. No. 165, 166.)

Although the parties have consistently agreed that Pipe and Piling (U.S.A.) Ltd. has far fewer than 101 employees, there has been considerable disagreement regarding the number of persons employed by Pipe & Piling Ltd. Because the appropriate statutory cap is dependent on the factual question of a defendant-employers' total number of employees, the parties sought and obtained leave to conduct limited discovery on this issue, and to file supplemental briefs on the total number of persons employed by Pipe & Piling (U.S.A.) Ltd. and Pipe & Piling Ltd.

However, after further consideration, the Court now finds that employees of Pipe & Piling Ltd. should not be counted for purposes of 42 U.S.C. 1981a(b)(3). Although the Court determined in its previous opinion that the two companies are so interrelated that they can fairly be considered a single employer under the *Swallows* test, the Court did not consider at that time the effect of Pipe & Piling, Ltd.'s status as a foreign corporation. Although the parties did not develop this issue in their briefs, the Court has independently determined that, under the majority reading of Title VII, foreign employees of foreign corporations should not be counted towards the total number of a defendant's employees.

This interpretation of Title VII is supported by two statutes. First, 42 U.S.C.

§ 2000e(f) states that "with respect to employment in a foreign country, such term ("employee") includes an individual who is a citizen of the United States." Additionally, § 2000e-1(c)(2) states that "Sections 2000e–2 and 2000e–3 of this title shall not apply with respect to the foreign operations of an employer that is a foreign person not controlled by an American employer." Because Title VII excludes foreign employees of a foreign employer not controlled by an American employer, "it is plain that the foreign employees of a foreign corporation are not considered employees for purposes of [Title VII]." *Rao v. Kenya Airways, Ltd.*, No. 94 Civ. 6103, 1995 WL 366305, at *2 (S.D.N.Y. June 20, 1995).

Thus, even considering Pipe & Piling (U.S.A.) Ltd. and Pipe & Piling Ltd. as a single employer, the foreign employees of Pipe & Piling Ltd. should not be counted as employees for purposes of Title VII. *Russell v. Midwest-Werner & Pfleiderer, Inc.*, 955 F. Supp. 114, 115 (D. Kan. 1997) ("Even if Gummitechnik had been a named "respondent" here and could be considered an integrated enterprise with the domestic subsidiary corporation, the case law does not support counting Gummitechnik's foreign employees towards the damage caps.") *Mousa v. Lauda Air Luftfahrt, A.G.*, 258 F. Supp. 2d 1329, 1335 (S.D. Fla. 2003) ("Consistent with the above statutory analysis, the majority of courts that have addressed the issue have found that foreign citizens employed abroad who work exclusively outside of the United States do not count towards the fifteen-employee jurisdictional minimum."); 5 Emp. Coord. Emp. Practices § 20:24 ("Although under Title VII, the term 'employee' includes an individual who is a citizen of the United States employed in a foreign country, the reach of Title VII

does not extend to foreign citizens employed abroad, and foreign citizens employed abroad who work exclusively outside of the United States do not meet the statutory definition of an employee . . . .") (internal citations and footnotes omitted); *Cf. Morelli v. Cedel*, 141 F.3d 39 (2nd Cir. 1998).

Although the parties did not raise this doctrine, the Court agrees with the findings of previous courts that there is "no apparent logic to counting as employees under § 1981a(b)(3) those who are not even protected by federal discrimination laws." *Russell*, 955 F. Supp. at 115. Accordingly, the Canadian employees of Pipe & Piling, Ltd., a Canadian company, will not be counted for purposes of applying the statutory damage caps. The briefs and records submitted to the Court establish that, when limited to employees in the United States, Defendants qualify for the $50,000 cap set in 42 U.S.C. § 1981a(b)(3)(A). Therefore, Defendants' motion to amend the judgment will be granted. In keeping with the Court's previous opinion, the $25,000 compensatory damages award will be attributed to Plaintiff's ELCRA claim, and Plaintiff's punitive awards of $25,000 against Defendant Griffith and $175,000 against Defendant Pipe & Piling (U.S.A.) Ltd. under Title VII will be reduced proportionally to $6,250 and $43,750 respectively. An order and amended judgment consistent with this opinion will be entered.

Dated: March 22, 2012

/s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE