UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMIE QUINN, an individual

    Plaintiff,

v.

PIPE & PILING SUPPLIES (U.S.A.) LTD.,
a foreign profit corporation, and
RON GRIFFITH, an individual

    Defendants.
_____/

File No. 2:09-cv-161

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on Plaintiff's motion for attorneys' fees and costs. (Dkt. No. 145.) Ordinarily, each party must bear its own attorney fees. *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975). However, Title VII expressly authorizes that a district court "[i]n its discretion, may allow the prevailing party . . . a reasonable attorney's fees as part of the costs [of a Title VII action] . . . ." 42 U.S.C. § 2007e-5(k). Similarly, the Elliott-Larsen Civil Rights Act ("ELCRA") provides that a court may award "all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate." M.C.L. § 37.2802. The Supreme Court has further held that, in Title VII cases, a prevailing plaintiff should normally recover an attorney's fee unless special circumstances render such an award inappropriate. *Christiansburg Garment Co. v. Equal Emp't*

*Opportunity Comm'n*, 434 U.S. 412, 417 (1978).

In order to recover an attorney's fee, a plaintiff must be a "prevailing party." To be a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Granzier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). That is, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties . . . in a way that directly benefits the plaintiffs." *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 113 (1992)). Based upon this standard, it is beyond dispute that, in this case, Plaintiff was a "prevailing party."

When crafting an award, "[t]he primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court determined that the most useful starting point for determining a reasonable fee is the "lodestar" – the number of hours reasonably expended multiplied by a reasonable hourly rate. It is Plaintiff's burden to provide "evidence supporting the hours worked and rates claimed." *Id*. at 433. Further, the Supreme Court also directed the district courts to examine the claimed hours and exclude those hours that were not "reasonably expended." *Id*. at 434.

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude

from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Id.*

In this case, Plaintiff's counsel has provided twenty-eight pages of invoice material from Kuiper Orlebeke P.C. (Dkt. No. 147) and forty-one pages from Peck & Associates (Dkt. No 148) listing tasks performed and hours worked on this case. Frederick Mackraz of Kuiper Orlebeke was Plaintiff's trial attorney, while attorney Lyle Peck of Peck and Associates handled most pretrial matters. The documents include billing information for several other persons associated with the two firms. Attorneys Mackraz and Peck have also submitted affidavits stating that tasks performed and hours billed were necessary and accurately billed. (Dkt. No. 149.)

Defendants have objected to a number of specific entries in Plaintiff's billing documents on grounds that the hours billed were excessive, or else that the description of work performed is too vague to meaningfully evaluate the hours listed. The Court has examined the individual entries challenged by Defendants, and finds that the majority of entries are proper. However, Defendants' objections 4, 7, 11, and 16 with respect to the hours submitted by Mr. Mackraz will be sustained, and objections 4, 6, 9, 10, and 12 with respect to Mr. Peck will be sustained. The Court finds that these billing entries are either excessive, unnecessary, vague, or duplicative. Accordingly, the total hours attributed to Mr. Mackraz will be reduced from 358.8 to 346.3, and the total hours attributed to Mr. Peck will

3

be reduced from 152 to 116.4.

Defendants also object to the 22.1 hours attributed to Charles Malette on grounds that his role in this case has not been made clear. Although Mr. Peck has stated in his affidavit that Mr. Malette is an associate attorney at his firm, the Court does is unable to identify any billing entries attributed to Mr. Malette in the documents provided. Mr. Malette has made no appearance in this case, and the Court has no way of ascertaining Mr. Malette's role or contribution to this case. Accordingly, the Court finds that Plaintiff has failed to carry her burden of providing evidence in support of hours worked by Mr. Malette.

Having addressed the hours claimed by Plaintiff, the Court must also apply a reasonable hourly rate. The proper hourly billing rate is the fair market rate in the relevant community. *Amer. United for Separation of Church and State v. Sch. Dist. of Grand Rapids*, 717 F. Supp. 488, 495 (W.D. Mich. 1989) (Enslen, J.); *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984) ("'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community."). The Supreme Court has provided guidance on the determination of the "prevailing market rate":

> To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.

*Blum*, 465 U.S. at 896 n. 11 (emphasis added).

4

Plaintiff's counsel request the following hourly rates: (1) Mr. Mackraz: $275/hour; (2) Mr. Peck: $200/hour; (3) Mr. Kramer: $175/hour; (4) and Ms. Hessel (paralegal): $125/hour. In support of these rates, Plaintiff refers to the statistics published by the State Bar of Michigan in the *2010 Economics of Law Practice Attorney Income and Billing Rate Summary Report*. The Court finds that the requested rates for Attorneys Mackraz, Peck, and Kramer are within the norm for their respective practices and experience. Defendants do not object to the claimed rates for these attorneys. Accordingly, the suggested rates for the three attorneys will be accepted.

Defendants do object to the $125/hour suggested rate for Ms. Hessel, a paralegal. Plaintiff has provided no data to support its suggested rate for Ms. Hessel. In light of this failure and the Court's experience in similar Michigan cases, the rate for Ms. Hessel will be set at $90/hour.

Finally, Plaintiff's counsel requests an award of costs in the amount of $6,481.99 for Kuiper Orlebeke and $1,061.98 for Peck & Associates. Plaintiff's counsel have submitted records in support of the claimed costs, and Defendants offer no objection. The Court finds these costs reasonable.

Accordingly, the Court finds that Plaintiff is entitled to the attorney's fees for the following: (1) Mr. Mackraz: $95,232.50 for 346.3 hours at $275/hour; (2) Mr. Peck: $23,280 for 116.4 hours at $200/hour; (3) Mr. Kramer: $1,137.50 for 6.5 hours at $175/hour; (4) and Ms. Hessel: $2,808 for 31.2 hours at $125/hour. Plaintiff's total award for attorney's fees

is $122,458.  The Court also finds that Plaintiff is entitled to $7,543.97 in costs.  An order consistent with this opinion will be entered.


Dated:  March 22, 2012                    /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE