UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMIE QUINN,

        Plaintiff,

                                 File No. 2:09-CV-161

v.

                                 HON. ROBERT HOLMES BELL

PIPE & PILING SUPPLIES (U.S.A.),
LTD. and RON GRIFFITH,

        Defendants.

_____/

## **OPINION**

On April 20, 2011, this Court entered judgment, following a jury verdict, in favor of
Plaintiff. (Dkt. No. 143.) On March 22, 2012, this Court reduced the amount of punitive
damages awarded pursuant to that judgment and entered an amended judgment, indicating
that a verdict was rendered in favor of Plaintiff in the amount of $25,000 against Defendants,
and additional awards of punitive damages were rendered against Defendant Ron Griffith in
the amount of $6,250 and Defendant Pipe & Piling Supplies (U.S.A.), Ltd. in the amount of
$43,750. (Dkt. No. 197.) That same day, the Court entered an order granting in part
Plaintiff's motion for attorney fees and awarding Plaintiff $122,458 in attorney fees and
$7,543.97 in costs. (Dkt. No. 200.) Defendants appealed, and this Court entered a stay of
its judgment pending appeal and ordered Defendants to pay a supersedeas bond in the amount
of $205,001.97. (Dkt. No. 208.)

On February 21, 2013, the Sixth Circuit affirmed this Court in every respect except

for this Court's indication that the compensatory damages award was against "Defendants," and this Court's allocation of punitive damages against Griffith. (Dkt. No. 212.) Thus, the Sixth Circuit remanded "for clarification or modification of the amended judgment to reflect that the compensatory damages award is against Defendant Griffith alone." (*Id.* at 11.) Additionally, the Sixth Circuit noted in a footnote that punitive damages are not available against Griffith. (*Id.* at 11 n.7.) Thus, the Sixth Circuit also ordered that on remand "the parties should address the allocation between Griffith and P&P of the $50,000 punitive-damages award." (*Id.*)

Presently before the Court is Plaintiff's motion for entry of amended judgment and release of the supersedeas bond to Plaintiff's counsel. (Dkt. No. 213.) Defendants have filed a response disputing Plaintiff's interpretation of the Sixth Circuit opinion and arguing that release of the supersedeas bond is premature. (Dkt. No. 217.) Also before the Court is Plaintiff's motion for supplemental attorney fees and costs. (Dkt. No. 215.)

## A. Amended Judgment

The two interpretations by Plaintiff in dispute are as follows: (1) "The $25,000 ELCRA damages portion of the Judgment applied against Defendant Ron Griffith"; and (2) "The $50,000 punitive damages portion of the Judgment applied against Defendant Pipe & Piling Supplies (U.S.A.) Ltd." (Dkt. No. 213, ¶¶ 7-8.) The Court is unsure as to why Defendants object to these two interpretations. Defendants never explain why these two interpretations are incorrect other than vaguely asserting that "[t]he allegations contained

2

therein appear to be some type of typographical and/or drafting error." (Dkt. No. 214, ¶¶ 7-8.) However, these interpretations are directly supported by the Sixth Circuit's opinion.

For compensatory damages, the Sixth Circuit stated: "Given Quinn's concession at argument before this court that the compensatory-damages award is against Griffith only, we remand to the district court for clarification or modification of the amended judgment to reflect that the compensatory damages award is against Defendant Griffith alone." (Dkt. No. 212, at 11.) Thus, the Sixth Circuit mandate is clear, and the Court will amend the judgment to reflect the fact that the compensatory damages are only to be assessed against Griffith.

As for punitive damages, the Sixth Circuit stated as follows:

> We observe that punitive damages are not available against Griffith under Title VII . . . . And punitive damages are not available under the ELCRA. . . . On remand the parties should address the allocation between Griffith and P&P of the $50,000 punitive-damages award.

(*Id.* at 11 n.7.) The jury awarded punitive damages in the amount of $25,000 against Griffith and $175,000 against Pipe & Piling Supplies. (Dkt. No. 139.) This Court previously determined that Defendants qualified for a $50,000 cap on damages under Title VII. (Dkt. No. 195.) Thus, it reduced the punitive damages awards against Griffith and Pipe & Piling Supplies proportionally in order to avoid exceeding the statutory cap ($6,250 against Griffith and $43,750 against Pipe & Piling Supplies).[1] However, in light of the Sixth Circuit's determination that punitive damages may not be assessed against Griffith, there is no longer

---

[1]Note that the compensatory damages award was for violation of the ELCRA and thus does not count for purposes of the Title VII statutory cap.

the need for a proportional reduction in punitive damages. Instead, to comply with the statutory cap, the Court need only reduce the punitive damages assessed against Pipe & Piling Supplies from $175,000 to $50,000. Defendants have not proferred any reason justifying further reduction.

**B. Supersedeas Bond**

Next, Defendant gives no reason why release of the supersedeas bond would be premature. This Court indicated that the stay would last "until the mandate is issued by the United States Court of Appeals for the Sixth Circuit." (Dkt. No. 208, at 2.) That mandate has been issued (Dkt. No. 218) and the stay has terminated; there is no longer a need for the Court to retain possession of the supersedeas bond. The amount owed to Plaintiff by Defendants (including supplemental attorney fees) is greater than the amount of the supersedeas bond. Thus, the Court believes that release of the supersedeas bond to Plaintiff's counsel as partial payment of damages, fees, and costs is appropriate.

**C. Attorney Fees and Costs**

Title VII expressly provides that a district court "[i]n its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs [of a Title VII action] . . . ." 42 U.S.C. § 2000e-5(k). Similarly, the ELCRA provides that a court may award "all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate." Mich. Comp. Laws § 37.2802. The Supreme Court has further held that, in Title VII cases, a

prevailing plaintiff should normally recover an attorney's fee unless special circumstances render such an award inappropriate. *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 417 (1978).

This Court has already determined that Plaintiff is a "prevailing party" entitled to collect attorney fees. (Dkt. No. 200.) There can be no dispute that Plaintiff also prevailed on appeal given the fact that the Sixth Circuit affirmed the judgment in favor of Plaintiff in all material aspects and remanded only for clarification as to the distribution of the damages awards.

When crafting an award, "[t]he primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court determined that the most useful starting point for determining a reasonable fee is the "lodestar" – the number of hours reasonably expended multiplied by a reasonable hourly rate. It is Plaintiff's burden to provide "evidence supporting the hours worked and rates claimed." *Id*. at 433. Further, the Supreme Court also directed the district courts to examine the claimed hours and exclude those hours that were not "reasonably expended." *Id*. at 434. According to *Hensley*:

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Id.*

Plaintiff seeks supplemental fees at the same rates previously deemed reasonable by this Court–$275 for Mr. Mackraz and $200 for Mr. Peck. The Court agrees that these rates are still reasonable. Mr. Mackraz seeks compensation for 87 hours worked on these issues, while Mr. Peck seeks compensation for 96.9 hours. In total, Plaintiff seeks $23,925 for Mr. Mackraz, $19,380 for Mr. Peck, and $1,241 in costs for Mr. Mackraz's office.

The hours included in the billing sheets relate to Defendants' motion to alter judgment and apply the statutory damage cap (Dkt. No. 144), supplemental briefing regarding the number of persons employed by Pipe and Piling Supplies (Dkt. Nos. 176, 180), motions for extension of time (Dkt. Nos. 150, 155-56), a discovery stipulation (Dkt. No. 171), requests for writs of garnishment (Dkt. Nos. 182-83), an emergency motion to stay proceedings (Dkt. No. 191), and an appeal of this Court's judgment to the Sixth Circuit. Defendants have not objected to the reasonableness of these hours, and, upon careful review, the Court has determined that these hours are reasonable and were not excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 434. Mr. Mackraz also seeks costs for obtaining a transcript of the jury trial, lodging and parking for oral arguments before the Sixth Circuit, and mileage. The Court finds these costs to be reasonable as well. Thus, Plaintiff is entitled to the requested supplemental attorney fees and costs.

An order consistent with this opinion will be entered.


Dated: <u>April 11, 2013</u>          <u>/s/ Robert Holmes Bell</u>
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE